BANK OF GENEVA *vs.* RICE.

Where a suit is prosecuted by a *law firm*, as attorneys for the plaintiff, it is enough that the *name of the firm* prosecuting the suit for the plaintiff is stated in the declaration; both *christian* and *surnames* need not be given.

THE plaintiffs prosecuted their suit by Messrs. *Sill and Kidder*, as their attorneys; and in the commencement of the declaration, it was stated that the plaintiffs, by *Sill and Kidder, their attorneys*, complained, &c. The defendant *demurred*, insisting that the requirement of the statute, 2 R. S. 351, § 26, that a plaintiff " shall state the name of the attorney or attorneys by whom he appears" in his declaration, had not been complied with. On a motion for judgment for the plaintiffs on the ground of the *frivolousness* of the demurrer, such judgment was ordered—the Court holding, that where two or more attorneys transact business together as a *law firm*, it is a sufficient compliance with the same statute in a declation filed by them, to state, as had been done in this case, the *surnames* of the attorneys, or rather the name of the firm; and that it was not necessary that their *christian names* should be set forth in the declaration.

---

ADMISSION OF ATTORNEYS.

Rule in respect to admissions of *attorneys.*

THE Court adopted as a rule to admit to examination at the customary time of examination, all candidates for admission as attorneys, whose period of clerkship expires at any time *during the term* at which the application is made.

END OF JULY TERM.